We'll hear argument next in 194024, United States v. Bershan. Mr. Donovan. Mr. Donovan? I'm sorry. I'm sorry. Can you hear me now, Your Honor? Oh, yes, we can. Okay. My name is Jeremiah Donovan. I am appointed to represent Lisa Bershan on appeal. I didn't handle the clue or the sentencing. I have five minutes and there are two points that I want to make, unless you want to lead me astray. The first is, and I think this is the most important point, is that we think that what a district court is required to is first calculate the guidelines. Next, it needs to consider and rule on motions for departure. After it's done that, then we know what the guideline range will be. Then it moves on to the section 3553A factors and considers variances. Now, in an age in which we no longer have mandatory guidelines and in which variances are granted with giving district judges very, very broad discretion, sometimes the motions for downward departure and the request for variances meld together and become kind of imperceptibly, they're really no different. But we still think that it's necessary for a judge to consider the reasons for downward departure and rule on them. At the end of this sentencing, the parties had no idea whether the sentencing judge had granted the motion for downward departure but then decided to vary upwardly in order to reach the sentence that he reached, or whether he had denied the motion for downward departure and varied upwardly to a lesser degree in order to reach the sentence that he had reached. Now, you've never exactly explicitly said you have to calculate the guidelines and then consider and rule on the in any of your decisions. And there seems to be a difference among the circuits as to whether this question of whether the grant motions for downward departure or whether they vary meld together. And some circuits have said, no, you've got to- As I read the record, it seems like the district court denied the motion for a downward departure, right? So after hearing the arguments on the downward departure, he said, people who suffer from severe mental illness need to be viewed for sentencing and all other purposes differently from people who don't. I'm less convinced that this defendant is in the same boat as someone who has really major mental illness. Was that not- Yeah, but I don't- I mean, I don't- I'm not sure that that's a ruling on the motion for downward departure. I mean, it doesn't sound like that to me. But I mean, if your Honor hears that, if your Honor hears that as being a ruling on the motion for downward departure, then I suppose it is. I mean, my problem with that is, what's he doing there? Is he exercising his discretion not to downwardly depart? If so, there's no appeal. Or is he saying- or is he making kind of a legal ruling that, I don't know, Section 5K2.13 is pretty carefully delineated as to when you can grant the motion and what exceptions there are. Is it a legal ruling? I don't hear what he's saying there as being an actual ruling on the defendant's motion. But that takes me to my second point. The government says, well, we know what he did because he filed a statement of reasons. And there I have to apologize. I mistakenly thought that the judge had not filed a statement of reasons. And the reason for that was I practiced in Connecticut. Connecticut statements of reasons are filed on the docket. There's notice given to both counsel through the ECF. It's filed under seal. You can go look at it at any time. Apparently, in the Southern District of New York, what happens is the judges prepare a statement of reasons, send them to probation. Probation then sends it on to the Sentencing Commission, and counsel may never even know about it unless they actually make the request. At least in this case, my district court counsel didn't know about it. In other districts, I kind of checked around. At least one of the districts, they do it like in Connecticut. At least one of the districts, they do it like in New York. But in looking at the docket, I didn't see any statement of reasons. So I said that he hadn't filed it. But that doesn't really change my argument because what the statute that establishes the requirement of a statement of reasons says that, this is Section 3553C of Title 18, the court at the time of sentencing shall state in open court the reasons for the imposition of a particular sentence. Now, I can't have any kind of an argument that the judge didn't do that. The judge did describe in pretty good detail why he was imposing this particular sentence. But then the statute goes on and says if the sentence is outside the guideline range, the judge has to describe the specific reason for the imposition of a sentence different from that described. I think that what that sounds to me like is the judge has to say something like, I recognize that the guidelines, that the sentencing guidelines for this produces a range of this to this. But the sentencing guidelines say in this case, the sentencing guidelines... And whereas here, the monetary value might not be as large an absolute term. It was all concentrated on a few victims. And so there was significant harm to those victims. And he thinks that should be accounted for in the sentence. Didn't he say that? In describing his reasons for the imposition of the sentence, he said that. But he didn't say that that was the reason for him to think that that was the reason that he was exceeding the guidelines. I mean, if he had given a reason for why the guidelines range is insufficient and a reason for why he thinks a higher sentence is warranted, is that not an explanation for why one would depart from the guidelines range? No, I think it's two different considerations. Suppose, I mean, obviously one of the things he said is I think the victims here were particularly vulnerable. Well, if he had said the reason I'm exceeding the guidelines is because the victims were particularly vulnerable. That's the reason he's exceeding the guidelines. And defense counsel would come back and say, look, the guidelines consider that. They specifically have a provision for vulnerable victims. The prosecution hasn't just suggested that that should be a reason. If what he had said was I'm going to exceed the guidelines, the guidelines never consider the question of whether these people were these people were close to were close to the defendant. Or they were like like those people who called Judge Sachs and tried to get him to get him to to to take to take additional insurance on his car, additional warranties on his car, just strangers, strangers calling in. The guidelines don't consider that. And if he had said that, then then then I think that that the defense counsel could have argued, well, that's not really an appropriate consideration. And maybe the guidelines do consider that. Or maybe the guidelines, you know, if I can interrupt. The problem I have is that it seems to me that we kind of all know why he why he did why why he used a variance of the guidelines. We know that it has to do with with his assessment of of the particular victims in the manner in which they were hurt. And if we know that, why do we now have to insist that he have said that specifically more specifically than he did? Well, I think. The. That's but that's not that's not the only I mean, Judge, that's not the only reason that that he said that's one of a number of different reasons. He said he said, first, the personal nature of the deception. Second, the acute suffering of the victims. And I don't know about about that. I'm not sure if that's an appropriate reason to do the part. I mean, it seems to me if I lose ten thousand dollars from one of those Nigerians who's calling you to try to get you to extend your your your warranty. Or if I if I if I suffer a loss of ten thousand dollars from my sister who has defrauded me, the suffering that I suffer is it's still the same. The monetary loss, at least, is still the same. He said that he recognizes her mental illness. He said that. But but another reason, another reason was the general deterrence. He said there are too many Lisa Bershons out there now. Now, is that also one of the reasons that he upwardly departed? I think probably it is. He also said, well, with respect to one of the interesting things the judges said is that with respect to the future crimes of the defendant, that the predictions are too uncertain. So he wasn't taking that into account, which I thought was a really interesting thing for a sentencing judge to say. For instance, every sentencing judge that I appear in front of and every every defense counsel and government and government counsel is always trying to predict what the guy is going to do in the future. And then he did not he didn't think providing the defendant with needed treatment had had much to do with the length of the sentence imposed. So you're right, Judge. I mean, I guess partly what I'm saying and I really don't mean to make lighter. But the notion reading this, that Judge Rakoff didn't say enough is for us to understand is a little surprising. Well, if you look at the nature of the judge, though, I mean, this is a judge who does not sentence in accordance with the guidelines. The guidelines are only something you say at the beginning of the of the of the sentence and then ignore throughout the rest of it. A judge like that, it seems to me, if he's not sentencing on the basis of a whole body of law that's been developed over the course of of years by by by all of the sentencing, all of the sentencing judges has to explain in much, much, much, much, much greater detail all of the personal philosophy of his own sentencing's that that cause him to result that results in this in this in this sentence. I mean, I don't know if I'm if I'm if I'm in front of him. I'm sorry, Judge. I was going to say you're over time, so why don't you make one final point and then we'll hear from the respondent. For all the reasons that we said, I hope we'll vacate the sentence and return it to the re-sentencing. OK, thank you very much, Mr. Donovan. Ms. Magdo. Good morning. May it please the court. My name is Christine Magdo. I represent the government on appeal and I also represented the government in this case before the district court. Your Honor, Judge Rakoff conducted an extremely thorough and thoughtful sentencing procedure in this case. Taking a step back, he gave a great deal of consideration to the mental health issues raised by Berchan, which were the basis for her downward departure request. He heard he read two reports from her expert witness. He heard testimony and asked a number of questions of her expert witness at the hearing. He read numerous victim impact statements that he heard from victims at sentencing. He really tried to understand as much as he could about Ms. Berchan and about the crimes she had committed and how those had affected her victim. For Berchan to suggest now that the impact that a fraud has on its victims is not properly considered as, for example, the circumstances of the offense. There's no basis in law. Judge Rakoff gave adequate consideration and adequate explanation to all of the factors that he's required to consider under 3553A. Moreover, his sentence was only three months above the high end of the read-upon guidelines range, which is a less than 4% upward variance. When we consider how small of an upward variance this was, it's clear that the reasons, explanations he gave were more than adequate. What should we make of all the comments disparaging the guidelines? So, we have said in a number of cases how the guidelines are important and should be the framework for determining the sentence and the benchmark for the sentence and so on. We have admonished district courts to take it seriously. How should we react to the statements disparaging the guidelines as a useful benchmark? I think that we have to take those comments in the context of who Judge Rakoff is. He's been on the bench for decades and has sentenced innumerable defendants under the guidelines framework. He clearly understands what's required of him, as he acknowledges at the beginning of his sentencing, where he says that he'll consider them only as required by law. And the fact that he has a policy disagreement with the guidelines is not a reason to think that he has not done what is required by law. What his disagreement is, is that the guidelines are so driven by the law and that they don't take into account all the nuances of human nature, of the effects on the victims, of the circumstances of the defendant, all the things that are in 3553A, that he does not want to mechanically apply the guidelines. So, he's trying to give a more comprehensive, thoughtful sentencing to the defendant rather than just revert to the guidelines. But he does take them into account to the extent that he's required to. So, if I may continue, unless there are other questions. So, Berchan has acknowledged that there's no requirement that a judge make a specific ruling on departures. But clearly, as I think the court has recognized, Judge Rakoff did exercise his discretion not to depart here. And it's clear both from the statements that he made at sentencing, the fact that he did not recalculate the guidelines that he had established at the beginning of the sentencing in accordance with the pre-trial services report. I'm sorry, with the probation report. And that he also put that in the statement of reasons. He is not required to use any particular terminage. He's not required to use the word deny. Here it's clear what he did. But despite denying the motion, the government submits that he actually considered her mental health to a large extent. He gave very thoughtful consideration. He didn't want to be hemmed in by the narrow strictures of the departure for which she had moved. But he wanted to look at it more holistically through the 3553A factors, which I submit is an advantage to the defendant. The government had argued that the departure did not apply in this case. That it should be denied because, we argued, the defendant was a danger based on her conduct to date. And that a lesser sentence was not warranted under this departure because she continued to pose a threat to those around her. So the motion was directly denied. The judge did a very thorough job here. Okay, I think we have the argument. Thank you very much, Ms. Magdo. The case is submitted. The remaining two cases on the calendar will be taken on submission. And with that, we are.